UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SHANNON BEERS,  )<br>  )<br>      Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>MENTOR ABI, LLC, d/b/a  )<br>NEUARESTORATIVE MAINE,  )<br>  )<br>      Defendant.  ) | No. 2:21-cv-00171-LEW |

**ORDER ON PLAINTIFF'S MOTION**
**FOR RECONSIDERATION AND TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment (ECF No. 13). Plaintiff now asks me to partially vacate my order dismissing her case against Defendant. Specifically, Plaintiff argues that I erred in dismissing Count I of the Complaint alleging violations of the Maine Human Rights Act ("MHRA") and Maine Whistleblower Protection Act ("MWPA"), and asks that I vacate the judgment as to that count.

The reconsideration of a prior judgment is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (quotation omitted). Motions to alter or amend a judgment "are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573

F.3d 42, 53 (1st Cir. 2009). Plaintiff's argument fits into the third category, which offers a relatively narrow path to victory. On a motion for reconsideration, a party may only advance those arguments that she has already made, not novel arguments "that could and should have been presented to the district court prior to judgment." *Allen*, 573 F.3d at 53 (quotation omitted). At the same time, it is insufficient simply to "reargu[e] theories previously advanced and rejected." *Palmer*, 465 F.3d at 30. Rather, a successful motion will refine a request for relief that the court "has patently misunderstood" or on which the court "has made an error not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 82 (1st Cir. 2008) (cleaned up).

Plaintiff's request fails to chart this middle course. In the present motion, Plaintiff primarily argues that the plain text of the MHRA shows that the statute's protections apply regardless of where an employee is located. *See* Pl.'s Mot. 5. But that argument was nowhere to be seen in Plaintiff's memorandum in opposition to Defendant's motion to dismiss. Instead, Plaintiff argued at the time that the MHRA and MWPA governed this dispute because the forum selection clause in her settlement agreement with Defendant implicitly mandated that any resulting disputes be resolved under Maine law, *see* Pl.'s Opp'n (ECF No. 9)—an argument that I considered and rejected in my order granting the motion to dismiss, *see* Order 5–6 (ECF No. 11). Plaintiff had the chance to advance her textual argument when opposing the motion to dismiss; her failure to do so then prevents her from raising that argument now.

Even if I were to take up Plaintiff's invitation to reconsider my prior decision, her newly advanced textual argument would be unpersuasive. Plaintiff correctly notes that the

MHRA defines an "employer" to include "any person in this State employing any number of employees, whatever the place of employment of the employees." 5 M.R.S. § 4553(4). But Plaintiff was not employed by a "person in this State." Plaintiff characterizes NeuroInternational as "a New Hampshire-based mental health service provider," Pl.'s Mot. 2 (ECF No. 13), and Mentor as "a Delaware corporation with a principal place of business in Boston, Massachusetts," Compl. ¶ 3 (ECF No. 1). Neither qualifies as a Maine employer. And while the MHRA also defines an "employer" to include "any person outside this State employing any number of employees whose usual place of employment is in this State," 5 M.R.S. § 4553(4), that definition is no more helpful to Plaintiff. Plaintiff does not suggest that she usually worked in Maine during her employment with NeuroInternational, but instead tacitly acknowledges that her usual place of employment while working for NeuroInternational was in New Hampshire.

Perhaps Plaintiff's motion to amend the judgment is best understood as an argument that I made a "manifest error of fact," *Lakshman v. Univ. of Maine Sys.*, 338 F. Supp. 2d 162, 164 (D. Me. 2004), in finding that Plaintiff worked outside of Maine for an employer that was based outside of Maine. But this argument fares no better. As discussed above, the Complaint and other filings in this case make clear that Plaintiff worked in New Hampshire for a New Hampshire based company, and provide no factual basis for concluding that that her usual place of employment while she worked for NeuroInternational was in Maine.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration and to Alter or Amend the Judgment (ECF No. 13) is DENIED.

**SO ORDERED.**

Dated this 29th day of March, 2022.

                                          /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE